# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KAYLYNN HART,**

      **Plaintiff,**

**v.**                                                                                            Case No:   6:19-cv-2347-Orl-31LRH

**MALABAR PHARMACY, LLC,**

      **Defendant.**

## ORDER

This Matter comes before the Court on the Defendant's Motion to Dismiss (Doc. 14) and the Plaintiff's Response (Doc. 15).

**I.**     **Background[1]**

The Plaintiff was a pharmacy associate and the Defendant was her employer. During the time she was working for the Defendant, the Plaintiff sought medical attention for a prolonged, five-month period of menstruation.[2] Because the Plaintiff presented with an irregular blood count, she was sent to the emergency room, where she received a blood transfusion and was diagnosed with polycystic ovarian syndrome ("PCOS"). The Defendant was provided with a doctor's note, advising

---

[1] This factual summary is based on the allegations in the Amended Complaint (Doc. 12).

[2] The Plaintiff actually pleads that she suffered "from a prolonged menstrual cycle that lasted for five months." Doc. 12 ¶ 9. The Court notes that a "menstrual cycle" includes a period of menstruation. *See W. Alabama Women's Ctr. v. Williamson*, 900 F.3d 1310, 1314 n.2 (11th Cir. 2018), *cert. denied sub nom. Harris v. W. Alabama Women's Ctr.*, 139 S. Ct. 2606 (2019). However, a prolonged menstrual cycle and a prolonged period of menstruation are not the same thing. Based on the allegations related to blood counts, it appears that the Plaintiff means she suffered from a prolonged period of menstruation, or endometrial shedding. The Court assumes she means period of menstruation.

that the Plaintiff stay home for ten days and avoid strenuous work thereafter. The Defendant's owner called the Plaintiff on the eighth day and asked her to come into work. The Plaintiff did so. While she was at work, the owner allegedly asked her to mop, which was not part of her regular job description. The Plaintiff informed the owner that she could not do so due to her medical condition. When she called the next day to find out her work schedule, she was told that there had been complaints about her and that she was fired. The Plaintiff sued the Defendant, alleging discrimination under the Americans with Disabilities Act ("ADA").

## II.     Legal Standard

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. *See* Fed. R. Civ. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing Fed. R. Civ. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554–555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *id.* at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

**III. Analysis**

Under the ADA, a plaintiff seeking to establish a prima facie case "must show that, at the time of the adverse employment action, [s]he had a disability, [s]he was a qualified individual, and [s]he was subjected to unlawful discrimination because of [her] disability." *Mazzeo v. Color Resolutions Int'l, LLC*, 746 F.3d 1264, 1268 (11th Cir. 2014). Under the ADA, being "regarded as" having an impairment that substantially limits one or more major life activities is enough to meet the disability element, unless the impairment is minor and transitory, with an expected or actual duration of six months or less. 42 U.S.C. § 12102.

The Defendant argues that the Plaintiff failed to plead that she was disabled or regarded as disabled within the meaning of the ADA, because her five-month period of menstruation was "minor and transitory." The Amended Complaint does single out the five-month period of menstruation as what makes the Plaintiff's PCOS "suffice as a disability under the ADA." Doc. 12 ¶ 10. However, regardless of whether the period of menstruation itself was minor and transitory, it appears the PCOS is not. Furthermore, the Plaintiff claims that her doctor wrote a note stating that she needed to avoid strenuous work moving forward because of her condition. It is plausible that her PCOS is an impairment that substantially limits a major life activity. Liberally construing the allegations in the Plaintiff's favor, they are sufficient to allege a disability.

### IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss (Doc. 14) is **DENIED**. Because the Plaintiff concedes that Paragraph 18 of the Amended Complaint (Doc.12) should be stricken, the Court **STRIKES** Paragraph 18 of the Amended Complaint (Doc.12).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 3, 2020.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party